UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                   Case No. 07-20383
-vs-                                                 Hon: AVERN COHN

ALBIN ZELEK,

    Defendant.
_____/

## MEMORANDUM ON SENTENCING

This is a criminal case. On May 11, 2010, the Court sentenced defendant to a custody term of sixty (60) months, to be followed by five (5) years of supervised release, on his guilty plea to a violation of 18 U.S.C. §2252A(a)(2), Receipt and Distribution of Chid Pornography. Sixty (60) months is the mandatory minimum for the offense of conviction. Sixty (60) months is a variance from the recommended guideline range of 158 to 210 months. The Court stated the variance on the record with a brief explanation. This memorandum explains the reasons for the variance.

The recommended guideline range according to the Presentence Investigation Report was derived as follows:

| | |
|---|---|
| Base Offense Level | 22 |
| Material Involving Minors | +2 |
| Child Pornography | +2 |
| Sadistic and Masochistic Images | +4 |
| Use of Computer | +2 |
| More Than 600 Images | +5 |
| | 37 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 34 |
| | |
| Criminal History Category | II |

While not stated on the record, the Court finds that the Criminal History Category was overstated, and more appropriately should have been I.

An Offense Level of 34, compiled with a Criminal History of I, puts the recommended guideline range at 151 to 188 months.

The adjustment for Sadistic and Masochistic Images is unduly harsh, since the number of such images was minimal. The upward adjustment for use of a computer, and the upward adjustment for the number of images appears to be more mechanical than substantive. If these adjustments which total 11 are removed, the Offense Level is 23, which, coupled with a Criminal History of I, calls for a guideline range of 46 to 57 months.

Additionally, as stated at the sentencing hearing

- no minors were involved in defendant's activities except as displayed in the images

- defendant did not communicate with any individual

- downloading was defendant's sole activity, except to the extent that the software program defendant used allowed file sharing

- there was no evidence in the record as to the number of images defendant actually viewed

- the defendant has a clean personal history, except for the possession of the pornographic images which form the *corpus delicti* of his criminal activities

As explained in the Presentence Investigation Report:

> In June 2009, the defendant underwent a clinical study (psychological evaluation) in Wayne County Jail Dickerson Detention Facility in Hamtramck, Michigan, at the direction of the Court. According to the licensed psychologist, Zelek appears to be clinically depressed and is likely to remain so in the near future. Continued medication appears to be likely effective at this time. Psychotherapy may help, which should also address his history of alcohol and drug use. Zelek is aware of the difference between "right versus wrong," in the area of sexual relationships. He appears to be passive,

      ruminative, isolated, and a non-violent person. Zelek may
      be at some risk for self-injury. Finally, on a probability basis,
      the defendant's age further reduces the likelihood of violence
      and forceful sexual behavior by him. A copy of the clinical
      study is available for the Court's review.

      The Court is satisfied that the sixty (60) month sentence reflects the seriousness of defendant's wrongful conduct, promotes respect for the law and is just punishment for defendant's offense. Also, the sentence of sixty (60) months is sufficient but not greater than necessary to satisfy the purposes of sentencing as described in 18 U.S.C. § 3553.

      Defendant will likely receive treatment while in custody, and will certainly receive treatment while on supervised release as more fully described in the Special Conditions of Supervision, a copy of which is attached.

Dated: May 26, 2010                  S/Avern Cohn
                                                          AVERN COHN
                                                          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 26, 2010, by electronic and/or ordinary mail.

                                                          S/Julie Owens
                                                          Case Manager, (313) 234-5160